IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE LITERARY WORKS IN ELECTRONIC ) 00 MDL No. 1379
DATABASES COPYRIGHT LITIGATION )

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF REVISED PROPOSED CLASS ACTION SETTLEMENT

This matter is before the Court pursuant to the motion of plaintiffs in the above-captioned action ("Action") for preliminary approval of a revised proposed class action settlement that plaintiffs reached with defendants The Dialog Corporation, now known as Dialog, LLC, Dow Jones & Company, Inc., Dow Jones Reuters Business Interactive, LLC, now known as Factiva, LLC, a wholly owned subsidiary of Dow Jones & Company, Inc., EBSCO Industries, Inc., The Gale Group Inc., now known as Cengage Learning, Inc., Knight-Ridder, Inc., predecessor in interest to The McClatchy Company, Knight Ridder Digital, now known as McClatchy Interactive West, Mediastream, Inc., Newsbank, Inc., The New York Times Company, ProQuest Company, now known as Voyager Learning Company, ProQuest Information and Learning Company, now known as ProQuest Information and Learning, LLC, Reed Elsevier Inc., The Thomson Corporation, now known as The Thomson Reuters Corporation, The Copley Press, Inc., and West Publishing Corporation d/b/a West Group, and with the non-party "Participating Publishers," which are listed in Exhibit A to the parties' Revised Settlement Agreement dated as of November 13, 2013 ("Agreement"). (Defendants and the Participating Publishers shall be referred to herein as the "Defense Group.") Plaintiffs have moved for an order approving the settlement of the Action in accordance with the Agreement between plaintiffs and the Defense Group. Having read and considered the Agreement, and based upon familiarity with the files

and proceedings in this matter, and with all defined terms herein having the meanings set forth in the Agreement, the Court finds that:

1. Plaintiffs filed the Action alleging, on behalf of themselves and a putative class of others similarly situated, that defendants violated the federal copyright laws;

2. Defendants have vigorously contested the allegations;

3. The parties have entered into the Agreement, which has been lodged with the Clerk of the United States District Court for the Southern District of New York;

4. The Court has reviewed the Agreement and determined it to be within the range of possible final approval for a class action settlement; and

5. The Court has reviewed the forms of notice attached to the Agreement, and the Court has determined that the notices adequately advise class members of the terms of the Agreement and further proceedings.

Accordingly, it is hereby **ORDERED** as follows:

6. The motion is GRANTED. The Agreement is hereby preliminarily approved.

7. (i) The case shall proceed as a class action with the following plaintiff class provisionally certified for settlement purposes only (the "Class"):

> All persons who, individually or jointly, own a copyright under the United States copyright laws in an English language literary work that has been reproduced, displayed, adapted, licensed, sold and/or distributed in any electronic or digital format, without the person's express authorization by a member of the Defense Group or any member's subsidiaries, affiliates, or licensees (a) at any time on or after August 15, 1997 (regardless of when the work first appeared in an electronic database) or (b) that remained in circulation after August 15, 1997, even if licensed prior thereto, including English language works qualifying for U.S. copyright protection under an international treaty (hereinafter "Subject Work"). Notwithstanding anything in the immediately preceding sentence to the contrary, a copyrighted work created prior to January 1, 1978, is a Subject Work only if it (a) has been electronically or digitally reproduced,

displayed, adapted, licensed, sold and/or distributed by a Participating Publisher without the person's express authorization, and (b) is from a publication whose pre-1978 works have not been excluded from this settlement, as indicated on Exhibit A to the Agreement. Included in the Class are all copyright owners of Subject Works who, after June 25, 2001, responded to The New York Times Company's Restoration Request website or print advertisements.

(ii)  The Court further certifies a subclass consisting of all Class members to the extent that they own copyrights in Subject Works in Category A or Category B ("A/B Subclass").

(iii)  The Court appoints plaintiffs Lynn Brenner, Michael Castleman, E.L. Doctorow, Tom Dunkel, Jay Feldman, James Gleick, Ruth Laney, Paula McDonald, P/K Associates, Inc., Letty Cottin Pogrebin, Gerald Posner, Miriam Raftery, Ronald M. Schwartz, Mary Sherman, Donald Spoto, Robert E. Treuhaft and Jessica L. Treuhaft Trust (by Constance Romilly, trustee), Robin Vaughan, Robley Wilson, and Marie Winn as representative plaintiffs for the A/B Subclass ("A/B Plaintiffs").

(iii)  The Court further certifies a subclass consisting of all Class members to the extent that they own copyrights in Subject Works in Category C ("C Subclass").

(iv)  The Court appoints former objectors Judith Stacy and Christopher Goodrich as representative plaintiffs for the C Subclass ("C Plaintiffs").

8.  A final settlement/fairness hearing shall be held on  JUNE 10 , 2014, at 10:00  *JBD* ("Hearing") before the undersigned in Courtroom 11A of the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. The purpose of the Hearing shall be to determine: (i) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; and (ii) whether the Agreement should be approved by the Court and judgment entered thereon. At the Hearing, or such adjourned date as the Court deems appropriate, Class Counsel and any

3

interested person shall be heard on the fairness, reasonableness, and adequacy of the terms of the Agreement and on Class Counsel's applications for awards of attorneys' fees, reimbursement of expenses, and special awards for the Representative Plaintiffs, as set forth in the Agreement. The Court preliminarily approves the proposed Agreement, including the procedures for calculating and making settlement payments and procedures for notice, exclusion, and objection as described therein, as fair, reasonable, and in the best interests of the Class.

9. The Court reserves the right to adjourn the Hearing or any adjournment without further notice other than an oral announcement at or prior to the Hearing or any adjournment thereof. The Court also reserves the right to approve the proposed Agreement at or after the Hearing with or without modification as consented to by the parties to the Agreement and without further notice to members of the Class. The Court shall retain jurisdiction to consider all applications arising out of or connected with the proposed Agreement.

10. The Court approves as to form, content, and method the Mailed Settlement Notice ("Mailed Notice"), the Notice Of Revised Class Action Settlement ("Full Notice"), and the summary notice ("Summary Notice") substantially in the forms attached to the Agreement as Exhibits E, F, and G, respectively.

11. Not later than sixty days after the date of this Order, Class Counsel shall cause to be sent the Mailed Notice to the last known mailing address (by first-class mail, postage prepaid) or last known e-mail address of each Class member for whom the Claims Administrator has such information, whether because (1) contact information for the Class member was provided by a publisher to whom the Class member sold a work, or by one of the Associational Plaintiffs; (2) the Class member filed a claim for compensation from the previous proposed settlement in this action in 2005; (3) the Class member opted out of the previous proposed settlement; (4) the

4

Class member objected to the previous proposed settlement; or (5) the Claims Administrator obtained the Class member's contact information in connection with the lawsuit or settlement for some other reason. The Mailed Notice need not be mailed to any of the Representative Plaintiffs or any of the former objectors in this Action represented by C Counsel.

12. Not later than sixty days after the date of this Order, Class Counsel shall cause the Full Notice to be posted in Portable Document Format (PDF) on the website being maintained by the Claims Administrator for Class members to obtain information about the settlement, at www.copyrightclassaction.com.

13. Not later than sixty days after the date of this Order, the parties shall cause to be published the Summary Notice, either online or in print, in the publications and websites listed on Exhibit I to the Agreement.

14. At least five business days prior to the Hearing, Class Counsel shall certify compliance with the provisions of paragraphs 11-13 of this Order by declaration describing the aforementioned mailings, posting, and publications; plaintiffs shall file their motion for final approval of the settlement and papers in support thereof; and, at least thirty days prior to the deadline to opt out or object to the Agreement, Class Counsel shall file their applications for awards of attorneys' fees, reimbursement of expenses, and special awards to the Representative Plaintiffs and papers in support thereof.

15. The form and method of Mailed Notice, Full Notice, and Summary Notice are hereby approved and determined to be the best notice practicable under the circumstances, and the Court finds that the Mailed Notice, Full Notice, and Summary Notice comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with applicable standards of due process.

16. People who fall within the Class definition set forth above will be excluded from the Class only if they (i) already submitted a timely, valid exclusion request in connection with the previous proposed settlement; or (ii) comply with the procedures for exclusion as set forth in the Mailed Notice, Full Notice, and Agreement, which procedures are hereby approved as fair and reasonable. Unless they have excluded themselves, members of the Class shall be bound by all determinations and judgments in this case relating to the proposed settlement, whether favorable or unfavorable, including without limitation the dismissal of the Action with prejudice and the release of the Defense Group from liability to members of the Class. Persons who timely exclude themselves from the Class in accordance with the prescribed procedures, or who timely excluded themselves from the Class in connection with the previous proposed settlement, will not be bound by any orders or judgments entered in this Action related to the revised proposed settlement, and shall not receive any benefits provided for in the proposed Agreement in the event it is approved by the Court.

17. Persons who fall within the Class definition and have not excluded or do not exclude themselves may enter an appearance on their own behalf or through counsel of their own choice at their own expense. If they do not enter an appearance, they will be represented by Class Counsel.

18. Any member of the Class who does not exclude himself or herself but objects to: (i) the proposed Agreement; (ii) the class action determination; (iii) dismissal of the Action or the judgment and releases to be entered with respect thereto; and/or (iv) Class Counsel's applications for attorneys' fees, reimbursement of expenses, and special awards to the Representative Plaintiffs, or who otherwise wishes to be heard, may appear in person or through his or her own attorney at the hearing and present evidence or argument that may be proper and

relevant; provided, however, that no person other than counsel for plaintiffs and the Defense Group in the Action shall be heard and no papers, briefs, pleadings, or other documents submitted by any such person shall be received and considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), unless, no later than  MAY 9 , 2014, such person has (1) filed a precise written statement of his or her objections and any related or supporting papers or briefs; (2) stated his or her intention to appear and be heard at the Hearing; and (3) filed such papers with the Court and served copies thereof by first-class mail, postage prepaid, postmarked no later than  MAY 9 , 2014 to the following counsel:

A/B Counsel:

Michael J. Boni
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004

Diane S. Rice
Hosie Rice LLP
Transamerica Pyramid
600 Montgomery Street
34th Floor
San Francisco, CA 94111

A. J. De Bartolomeo
Girard Gibbs LLP
601 California Street
Suite 1400
San Francisco, CA 94108

C Counsel:

Charles Chalmers
Allegiance Litigation
769 Center Boulevard
Suite 134
Fairfax, CA 94930

Defendants' Counsel:

Charles S. Sims
Proskauer Rose LLP
11 Times Square
New York, NY 10036

19.    Any Class member who retains an attorney to make objections to the proposed settlement on behalf of the Class member or otherwise to represent the Class member in this

7

litigation does so at the Class member's own expense. Any such attorney must file a notice of appearance in this litigation with the Clerk of this Court and serve copies of the notice on the attorneys listed in paragraph 18 above, no later than __MAY 9__, 2014. Any objection not timely made and in the manner provided herein shall be deemed waived and forever barred.

20.  Pending final determination of whether the proposed Agreement should be approved, plaintiffs and all members of the Class, either individually, directly, representatively, derivatively, or in any other capacity, are barred and enjoined from commencing or prosecuting any action or proceeding asserting any claims whatsoever on behalf of themselves or the Class against the Defense Group members or Supplemental Participating Publishers, or any of them, that were brought or could have been brought in the Consolidated Amended Class Action Complaint or the complaint filed in *The Authors Guild, et al. v. The New York Times Company*, and that relate to or arise out of the claims as described in those complaints.

21.  If the proposed settlement is not approved by the Court or shall not become effective for any reason whatever, the proposed Agreement (including any modification thereof made with the consent of the parties as provided therein), any class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and have no further force and effect.

22.  Neither the proposed settlement nor the provisions contained in the Agreement, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of plaintiffs, defendants, other members of the Defense Group, Supplemental Participating Publishers, any member of the Class, or any other person of any liability or wrongdoing by any of them, and shall not be offered or received in evidence in any action or proceeding (or be used in any way) as an admission or

concession of any liability or wrongdoing of any nature, and shall not be construed as an admission or concession that any plaintiffs, any member of the Class or any other person has been injured or suffered any damage.

23. The Court reserves jurisdiction over the subject matter and as to each party to the Agreement with respect to the interpretation, effectuation, and implementation of the Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise.

DATED this 22 day of _____, 2014.

JAN 22 2014

_____
The Honorable George B. Daniels
United States District Judge